IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
IN RE: ASBESTOS PRODUCTS      :   CONSOLIDATED UNDER
LIABILITY LITIGATION (No. VI) :   MDL DOCKET No. 875
                              :
OSCAR ALLEN CORLEY,           :
Administrator of the Estate   :
of Charles Corley, deceased   :
                              :
     Plaintiff,               :
                              :
     v.                       :
                              :
A-C PRODUCT LIABILITY         :
TRUST, ET AL.                 :
                              :   E.D. PA CIVIL ACTION NO.
     Defendants.              :   2:11-cv-57079-ER
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          April 3, 2014

## I.    INTRODUCTION

A complaint was filed in the Northern District of Ohio on April 9, 1998 by The Jaques Admiralty Law Firm on behalf of Charles Corley ("Decedent" or "Mr. Corley") to recover for asbestos-related personal injuries. The case was transferred to the Eastern District of Pennsylvania on November 1, 2011 as part of the consolidated asbestos products liability multidistrict litigation (MDL 875). Mr. Corley's case was assigned to the Court's 02-875 Maritime Docket (MARDOC). On December 14, 2011, The Jaques Admiralty Law Firm filed a notice of voluntary dismissal as to Mr. Corley's case due to the unavailability of

Mr. Corley and his beneficiaries. As a result, Mr. Corley's case was dismissed and marked closed by this Court.

Almost a year later on December 13, 2012, The Law Offices of G. Patterson Keahey filed a Motion for Substitution of Attorney. Concurrently, Mr. Keahey filed a Motion to Substitute Party Plaintiff and to Grant Relief from the Order of Dismissal on behalf of Oscar Allen Corley as the Administrator of the Estate of Charles Corley (hereinafter "Plaintiff").[1] The Court granted Mr. Keahey's Motion to Substitute on January 2, 2013.[2] On August 28, 2013, the Court granted the Motion to Substitute Party Plaintiff and to Grant Relief from the Order of Dismissal. The case was then reopened and placed on a new scheduling order.

---

[1]     Mr. Keahey had previously represented Decedent in an asbestos-related suit filed in Alabama state court. That case was removed to the Northern District of Alabama and was also transferred to MDL 875. On May 10, 2012, Mr. Corley's Alabama case was remanded to the transferor court. See No. 10-61113, ECF No. 124. Some of the moving defendants in this case have also filed a motion for summary judgment asserting that the instant cause of action must be dismissed based upon the doctrine of res judicata. See ECF No. 22. The Court does not consider the merits of this argument in resolving the instant motion.

[2]     This case is somewhat of an outlier on the Court's maritime docket as it is the only case, out of over 2,600 cases, where the plaintiff is not currently represented by Jaques Admiralty Law Firm and/or Motley Rice LLC. Many of the other MARDOC cases have also been the subject of personal jurisdiction disputes. See Bartel v. Various Defendants, __ F. Supp. 2d __, No. 2 MDL 875, 2013 WL 4516651, at *2 (E.D. Pa. Aug. 26, 2013) (Robreno, J.); see also Jacobs v. A-C Product Liability Trust, No. 2 MDL 875, 2014 WL 944227, at *1 (E.D. Pa. Mar. 11, 2014) (Robreno, J.).

Now, before the Court is a Motion to Dismiss collectively filed by twenty-two defendants ("Defendants"). Defendants assert that the Court lacks personal jurisdiction over them pursuant to Federal Rule of Civil Procedure 12(b)(2) because Plaintiff's cause of action does not arise out of Defendants' specific contacts with Ohio, and Ohio's long-arm statute does not recognize general jurisdiction. In response, Plaintiff asserts that Defendants are subject to Ohio's long-arm statute. In the alternative, Plaintiff moves the Court for a continuance to conduct jurisdictional discovery and requests leave to amend the complaint after such discovery is complete.

For the reasons that follow, Defendants' Motion to Dismiss will be granted and Plaintiff's Motion for a Continuance and to Amend the Complaint will be denied.

## II. LEGAL STANDARD

### A. Motion to Dismiss based on Lack of Personal Jurisdiction under Rule 12(b)(2)

In considering a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, "[t]here are specific analytical steps [the Court] must take in determining whether personal jurisdiction can be asserted over a nonresident defendant[,]" and "Rule 4(e) of the Federal Rules of Civil Procedure is the starting point." Pennzoil Prods. Co. v. Colelli & Assoc., Inc.,

149 F.3d 197, 200 (3d Cir. 1998) (citing Mellon Bank (East)
PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1221 (3d Cir. 1992)).
Rule 4(e) allows for personal jurisdiction over non-resident
defendants to the extent authorized under the law of the state
in which the district court sits. For purposes of a Rule 4(e)
analysis in the present cases, the forum state in this case is
Ohio.[3]


    B.   Bartel and Ohio's Long-Arm Statute

        Ohio's long-arm statute is not coextensive with the
federal Due Process Clause. Conn v. Zakharov, 667 F.3d 705, 712
(6th Cir. 2012). Thus, "if jurisdiction is not proper under
Ohio's long-arm statute there is no need to perform a Due
Process analysis because jurisdiction over the defendant cannot
be found." Id. at 713. Under Ohio law, to determine whether the
court has jurisdiction over a nonresidential defendant, the
Court must determine: (1) whether the long-arm statute and the
applicable rule of civil procedure confer jurisdiction and, if
so, (2) whether the exercise of jurisdiction would deprive the
nonresident defendant of the right to due process of law under

---

[3]      On issues of federal law or federal procedure, the MDL
transferee court applies the law of the circuit in which it sits
(here, the Third Circuit). See Various Plaintiffs v. Various
Defendants ("Oil Field Cases"), 673 F. Supp. 2d 358, 363 (E.D.
Pa. 2009) (Robreno, J.) (citing In re Korean Air Lines Disaster,
829 F.2d 1171, 1178 (D.C. Cir. 1987)).

the Fourteenth Amendment. Kauffman Racing Equip., L.L.C. v. Roberts, 930 N.E.2d 784, 790 (2010) (citing U.S. Sprint Commc'ns Co. Ltd. P'ship v. Mr. K's Foods, Inc., 624 N.E.2d 1048 (1994)).

The Ohio long-arm statute lists nine categories of contacts with the forum that will create jurisdiction, but only if the cause of action arises from those contacts. Ohio Rev. Code Ann. § 2307.382 (West 2014). Therefore, Ohio does not recognize general jurisdiction. Bartel, 2013 WL 4516651, at *5. As recently as 2012, the United States Court of Appeals for the Sixth Circuit confirmed that "it is clear that under Ohio law, a court may exercise personal jurisdiction over a non-resident defendant only if specific jurisdiction can be found under one of the enumerated bases in Ohio's long-arm statute." Conn, 667 F.3d at 718.

In Bartel, the Court granted 418 motions to dismiss of shipowner defendants in various Northern District of Ohio MARDOC cases. 2013 WL 4516651, at *1-2. The Court determined that it could not exercise personal jurisdiction over the defendants because the "plaintiffs' complaints [did] not make any jurisdictional allegations about any of defendants specific activities that purportedly caused injury to plaintiffs." Id. at *5. Specifically, the plaintiffs did not "identify how any of their claims [arose] from defendants' limited contacts with

Ohio." Id. Accordingly, the defendants' motions to dismiss for lack of personal jurisdiction were granted. Id. at *2.

## III. DISCUSSION

### A. Defendants' Motion

Relying on Bartel, Defendants allege that they are not subject to personal jurisdiction under Ohio's long-arm statute. Defendants state that Mr. Corley's asbestos cause of action and injury has no alleged connection to Ohio. Defendants further aver that any alleged asbestos exposure occurred in the Navy at sea, or in the state of Alabama.

### B. Plaintiff's Response

#### 1. Personal Jurisdiction

Plaintiff asserts that the Court may exercise jurisdiction over Defendants because they transacted business in Ohio. Ohio's long-arm statute states that "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's . . . transacting any business in this state." Ohio Rev. Code Ann. § 2307.382(A)(1) (West 2014).[4] According to Plaintiff, the following allegations from the complaint support

---

[4]   A "person" includes a corporation, partnership, association, or any other legal or commercial entity who is a nonresident of Ohio. Ohio Rev. Code Ann. § 2307.381 (West 2014).

a finding of personal jurisdiction: (1) Defendants conducted
business within the jurisdiction and venue of Ohio; (2)
Defendants designed, manufactured, and marketed asbestos
products that were placed on ships that Mr. Corley served
aboard; and (3) Mr. Corley was exposed to asbestos dust from
these products and was harmed as a result. See Pl.'s Compl., ECF
No. 21-2.

Plaintiff also attaches evidence to his response
specifically pertaining to two of the twenty-two moving
defendants. Plaintiff attaches an affidavit of Lawrence Holcomb,
an attorney at the firm that represents Plaintiff in this case.
Mr. Holcomb states the following:

1.  In the course of my research on
    jurisdictional issues, I confirmed that
    . . . Owens-Illinois . . . produced
    KAYLO asbestos pipe covering, a very
    prevalent brand used in many various
    applications, including United States
    Navy ships. Owens-Illinois has its
    global headquarters in Perrysburg,
    Ohio, according to its website.

2.  Another defendant in this case,
    Ingersoll-Rand Company, produced large
    air compressors and rotating electrical
    equipment which contained asbestos.
    Ingersoll-Rand Company has several
    locations in Ohio according to its
    website.

Pl.'s Resp. 8, ECF No. 26. Plaintiff asserts that he has
demonstrated specific personal jurisdiction as to these two
defendants because (1) they have personally availed themselves

of the privilege of acting in the forum state; (2) the cause of action arose from the defendant's activities in the forum state; and (3) the acts of the defendants or consequences caused by the defendants had a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable. <u>See Southern Machine Co. v. Mohasco Indus., Inc.</u>, 401 F.2d 374, 380 (6th Cir. 1968).

### 2.   Jurisdictional Discovery

Plaintiff claims that further discovery would reveal contacts by other defendants with Ohio regarding the manufacture, sale, and distribution of asbestos-containing products. Accordingly, Plaintiff requests that the Court enter an order permitting "limited discovery to determine whether certain defendants have had significant contacts with the State of Ohio that would subject them to the specific jurisdiction of Ohio courts." Pl.'s Resp. 10-11, ECF No. 26.

### 3.   Motion to Amend

Plaintiff requests leave to amend his complaint to include jurisdictional allegations, supported by further discovery, about certain defendants' specific activities that caused injury to Decedent. Plaintiff avers that Defendants will not be prejudiced, and the amended pleading will "expound upon and add additional specificity to the claims asserted and

arising out of the same acts and conduct that form the basis for the original complaint." Pl.'s Resp. 11, ECF No. 26.

C.    Defendants' Reply

    1.    **Personal Jurisdiction**

Defendants assert that Plaintiff misses the mark of Bartel as he fails to show how his cause of action arises out of Defendants' purported business transactions in Ohio. Specifically as to Owens-Illinois and Ingersoll-Rand, Plaintiff has not stated how his claims arise from these two companies' "transaction" of business within Ohio. According to Defendant, "there would be no limitation whatsoever on personal jurisdiction for large companies, such as O-I and Ingersoll-Rand, that have facilities and engage in the 'transaction' of business in states all across America" under Plaintiff's interpretation of personal jurisdiction. Def.'s Reply 4, ECF No. 28. Accordingly, Defendants state that the affidavits are not material in deciding the instant motion.

Defendant also notes that the Alabama case already litigated in this Court found that Decedent was a resident of Alabama, that the exposure to asbestos occurred in Alabama or on the high seas, and that the alleged injuries manifested themselves in Alabama. Defendant notes that there was never any connection to Ohio in the Alabama case.

2.    **Jurisdictional Discovery and Motion to Amend**

Defendants state that Plaintiff's request to conduct jurisdictional discovery and file an "amended" pleading based on such discovery should be denied. Defendants assert that the request is nothing more than a fishing expedition. See Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 157 (3rd Cir. 2010).

IV.  **ANALYSIS**

A.   Personal Jurisdiction

As in Bartel, Plaintiff's complaint does not make any jurisdictional allegations about any of Defendants' specific activities that purportedly caused injury to Decedent. Defendants are nonresidents of Ohio and jurisdiction can only be established if Decedent's alleged injuries arose out of Defendants' specific contacts with Ohio.[5] Ohio Rev. Code Ann. § 2307.382 (West 2014).

Plaintiff asserts his claims arise out of Defendants transacting business in Ohio. Id. at § 2307.382(A)(1). However, Plaintiff provides no support for such a claim, nor does Plaintiff actually make this allegation in his complaint.

---

[5]     Plaintiff's complaint avers that "Defendants [are] corporations existing under and by virtue of laws of a sovereignty other than that of Ohio...." Pl.'s Compl., ECF No. 21-2.

Plaintiff's complaint is devoid of any allegation linking Decedent's injuries with any defendant's specific business transactions in Ohio.[6] All Plaintiff has alleged is that (1) the various defendants generally transacted business in Ohio; (2) (2) their products were found on ships that Decedent served aboard; and (3) Decedent was exposed to asbestos from these products. This alone is insufficient to support a finding that an Ohio court can establish personal jurisdiction absent any allegation that Decedent's injuries actually arose from Defendants' alleged Ohio business transactions. See Ohio Rev. Code Ann. § 2307.382 (West 2014).

Plaintiff's allegations still fail even assuming arguendo that the Court considers the affidavits submitted in support of his response. Plaintiff seems to be relying on Owens-Illinois and Ingersoll-Rand's alleged "continuous and systematic" contacts with Ohio to support jurisdiction, and by doing so, conflates general jurisdiction with specific jurisdiction. This Court has already determined in Bartel that

---

[6]      Plaintiff does not allege, for example, that a particular defendant manufactured a product in the state of Ohio which was placed aboard the ship that Decedent served aboard and was then exposed. Nor does Plaintiff allege that Decedent was exposed to a particular defendant's product in Ohio, or while sailing in the navigable waters of Ohio. The Court does not opine that these examples would or would not be sufficient to establish personal jurisdiction. These examples, however, demonstrate a more specific allegation linking a defendant's contact with the forum state to the resulting cause of action.

Ohio does not recognize general jurisdiction. 2013 WL 4516651, at *5. As to Owens-Illinois, Plaintiff has failed to show how the defendant's current headquarters being located in Ohio bears any relation to Plaintiff's claims. Specifically, Plaintiff does not show how the location of Owens-Illinois's headquarters, and the business it currently conducts therein, contributed to the development of Decedent's personal injuries. Similarly, as to Ingersoll-Rand, Plaintiff has not demonstrated how the current location of various Ingersoll-Rand offices resulted in Plaintiff's cause of action arising.

Because the defense of lack of personal jurisdiction is raised, Plaintiff bears the burden of showing, by a preponderance of the evidence, the existence of jurisdiction as to each defendant. Control Screening LLC v. Tech. Application and Prod. Co., 687 F.3d 163, 167 (3d Cir. 2012). Here, Plaintiff has failed to meet his burden because he has failed to show how his cause of action arose out of Defendants' specific contacts with Ohio. See Ohio Rev. Code Ann. § 2307.382 (West 2014).

B.   Jurisdictional Discovery and Motion to Amend

"If the plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state,' the plaintiff's right to conduct jurisdictional

12

discovery should be sustained." Eurofins, 623 F.3d at 157. (quoting Toys "R" Us, Inc., v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003)). Here, Plaintiff has failed to present factual allegations that suggest "with reasonable particularity" the possible existence that Plaintiff's cause of action arose from Defendants contacts with the forum state. See Eurofins, 623 F.3d at 157.

Plaintiff asserts that jurisdictional discovery will uncover further facts to support that Defendants had "significant contacts" with Ohio. Even if Plaintiff can uncover such facts, he still must show that Decedent's injuries arose out of these contacts; facts which Plaintiff should have known prior to filing his complaint in Ohio. Accordingly, Plaintiff is not permitted to undertake a "fishing expedition" under the guise of jurisdictional discovery in order to support his claims sixteen years after the complaint was filed. Id. Plaintiff's request to conduct jurisdictional discovery and amend his complaint must be denied.

## V.    CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is granted and Plaintiff's Motion for a Continuance and to Amend the Complaint is denied. An appropriate order follows.